The STATE of Ohio

v.

WILKENSON. ▮

▮ 2001-Ohio-4354.]

Court of Common Pleas of Ohio,
Medina County.

No. 00–CR–0461.

Decided June 1, 2001.

12

Dean Holman, Medina County Prosecuting Attorney, for plaintiff.

Gary A. Hotz, for defendant.

JAMES L. KIMBLER, Judge.

## STATEMENT OF THE CASE

{¶ 1} On October 18, 2000, the Medina County Grand Jury indicted defendant Kristen Wilkenson for possession of crack cocaine in violation of R.C. 2925.11(A), (C)(4)(a), a felony of the fifth degree. On January 8, 2001, the defendant filed a motion to suppress. The motion was not heard until March 16, 2001, due to motions for continuances filed by the state. After the motion was submitted, the United States Supreme Court decided the case of *Atwater v. Lago Vista* (2001), 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d 549. The court then ordered memorandums filed on what, if any, impact that case has on the present case. Those memorandums have been submitted and the case is now in front of the court for decision.

## FINDINGS OF FACT

{¶ 2} On October 2, 2000, the defendant was traveling south on State Route 3 in Medina County. Her car had only one working headlight. Because it had only one working headlight, Trooper Cruz of the Ohio State Highway Patrol decided to stop her car. He activated his overhead lights and pulled her over, although she traveled about 500 feet before she pulled over. As she was traveling down the highway, the defendant made what the trooper described as "furtive" movements with her hands in the front seat.

{¶ 3} When Trooper Cruz approached her vehicle and talked to her, the defendant was very nervous and had difficulty getting her driver's license out for

his review. At that point, about one minute after making the stop, Trooper Cruz put the defendant in his cruiser. He escorted the defendant back to his cruiser and placed her in the back seat of his cruiser.

{¶ 4} The back seat of an Ohio State Highway Patrol cruiser is separated from the front by a wire screen and once inside, passengers in the back seat cannot get out unless the trooper in the front lets them out.

{¶ 5} Once the defendant was in the cruiser, the trooper read her the *Miranda* warnings. The trooper placed the defendant in his cruiser within a minute of the traffic stop.

{¶ 6} While the defendant was in the cruiser receiving her *Miranda* warnings, a Medina County deputy sheriff came on the scene. He observed the traffic stop from a location up the road from the trooper and decided to offer assistance to Trooper Cruz. The deputy is the handler for a drug-sniffing dog that was with him that day. As the deputy walked around the cruiser, he noticed a beer can in the back that was opened, but neither the deputy nor the trooper could tell whether there was anything in the beer can.

{¶ 7} The trooper and the deputy decided to walk the dog around the car. The dog, Gator, "hit" on the car, indicating that there were illegal substances in the car. Gator is trained to detect the presence of several illegal substances, including marijuana, cocaine, and heroin. A search of the car revealed a crack pipe.

## ISSUES PRESENTED

{¶ 8} 1. Was the Defendant arrested when she was placed in the cruiser's back seat?

{¶ 9} 2. Did the Defendant receive the warnings required by *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694?

{¶ 10} 3. If she was arrested, was the arrest an unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution and under Section 14, Article I of the Ohio Constitution?

{¶ 11} 4. If the arrest was an unreasonable seizure, was the subsequent search of the defendant's car the "fruit" of that seizure?

## CONCLUSIONS OF LAW

{¶ 12} The existence of an arrest depends on the existence of the following four elements: (1) an intent to arrest, (2) under real or pretended authority, (3) accompanied by an actual or constructive seizure, and (4) which is

so understood by the person arrested. *State v. Barker* (1978), 53 Ohio St.2d 135, 7 O.O.3d 213, 372 N.E.2d 1324.

{¶ 13} An arrest for a minor misdemeanor is not an unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution. *Atwater*, supra, 532 U.S. at 318, 121 S.Ct. at 1538, 149 L.Ed.2d at 555.

{¶ 14} In Ohio a person may be arrested for a minor misdemeanor only in certain limited circumstances. R.C. 2935.26(A)(1) through (4).

{¶ 15} R.C. 2935.26 applies in all minor misdemeanor arrests notwithstanding any other provision in the Revised Code. R.C. 2935.26(A).

{¶ 16} It has been held in Ohio that an arrest for a minor misdemeanor that does not comply with R.C. 2935.26 is an unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution and under Section 14, Article I of the Ohio Constitution. *State v. Jones* (2000), 88 Ohio St.3d 430, 727 N.E.2d 886.

{¶ 17} Consequently, if a person is arrested for a minor misdemeanor and the arrest is not allowed under R.C. 2935.26, evidence seized as a result of such arrest must be suppressed upon a proper motion, if *State v. Jones* is still good law in Ohio, and if the search was "incident" to the arrest. *Jones*, supra.

{¶ 18} A traffic stop may last no longer than is necessary to effectuate the purpose of the stop. *State v. Carlson* (1995), 102 Ohio App.3d 585, 598, 657 N.E.2d 591.

{¶ 19} During the stop, the officer may run the driver's license through L.E.A.D.S. to ascertain whether the license, plates, and registration are valid and to make sure the driver does not have any outstanding warrants. *Carlson* at 598, 657 N.E.2d 591.

{¶ 20} In determining whether the length of the stop was reasonable, a trial court must consider the duration of the stop in light of all the circumstances and also whether the officer acted diligently in conducting his/her investigation. *Carlson* at 598, 657 N.E.2d 591.

{¶ 21} Traffic stops up to twenty minutes have been held to be reasonable by both the Ohio and United States Supreme Courts. *State v. Cook* (1992), 65 Ohio St.3d 516, 521–522, 605 N.E.2d 70; and *United States v. Sharpe* (1985), 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605.

{¶ 22} The use of a dog to sniff around a stopped vehicle is not in and of itself a "search" or "seizure," provided that the driver of the vehicle is otherwise lawfully detained. *Carlson* at 594, 657 N.E.2d 591. Once a drug dog

has "alerted" on a vehicle, then that alert becomes probable cause to search the vehicle. *Carlson* at 600, 657 N.E.2d 591.

{¶ 23} A person who is in custody must be advised of his or her right to remain silent, of his or her right to an attorney, of the right to an attorney even if the person is indigent, of the right to appointed counsel if such person is indigent, and the right to stop talking at any time. *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

## DISCUSSION

{¶ 24} When a trooper places a defendant in the back seat of a cruiser from which such defendant cannot exit without the trooper's assistance, the trooper makes an arrest. Trooper Cruz certainly had the intent to hold the defendant for prosecution; he was acting under his authority as a state trooper; by placing her in the back seat he at least constructively seized her, if not actually seized her; and this court believes that a reasonable person in the position of the defendant would consider himself or herself to be under arrest. Consequently, all four elements of an arrest as set forth in *State v. Barker*, supra, were met. Additionally, the trooper gave the defendant "Miranda warnings," furthering the perception to a reasonable person that she was under arrest.

{¶ 25} The question then becomes why was she arrested? Clearly when the trooper placed her in the cruiser the only offenses that he suspected her of committing were minor misdemeanors. Those were operating a motor vehicle at night with only one working headlight and a possible open container violation. Until the discovery of the crack pipe, neither Trooper Cruz nor the deputy sheriff was aware of any offense possibly committed by the defendant that carries a prison or jail sentence.

{¶ 26} In *State v. Jones*, supra, the Ohio Supreme Court held that an arrest for a minor misdemeanor that was not made pursuant to R.C. 2935.26 was an unreasonable seizure under both the United States Constitution and the Ohio Constitution.

{¶ 27} The Ohio Supreme Court concluded that, after balancing the interests of the state and the interests of minor misdemeanor defendants, an arrest for a minor misdemeanor that did not comply with R.C. 2935.26 was an unreasonable search and seizure.

{¶ 28} If *Jones* was the last word on the subject, the decision by this court would be simple. This year, however, the United States Supreme Court decided *Atwater v. Lago Vista*, supra.

{¶ 29} In *Atwater* the United States Supreme Court undertook the same balancing test as the Ohio Supreme Court did in *Jones* but reached a different conclusion. It concluded that an arrest for a minor misdemeanor did not violate the Fourth Amendment to the United States Constitution.

{¶ 30} The defendant argues that *Atwater* is limited to cases in which there is a state statute expressly allowing an arrest for a minor misdemeanor. Although this court understands the defendant's argument, it does not agree that *Atwater* is so limited.

{¶ 31} In *Atwater*, Justice Souter analyzed the historical basis of Mr. and Mrs. Atwater's claim that her arrest violated the Fourth Amendment to the United States Constitution. He concluded that historically it is unclear that the common law at the time of the adoption of the United States Constitution did not allow for warrantless arrests of what we now call minor misdemeanors.

{¶ 32} After reaching that conclusion, he then undertook the balancing test referred to above and concluded that the interests of minor misdemeanor defendants who are arrested do not outweigh the interests of state and local governments in arresting them. He also pointed out that it is not easy to fashion an understandable rule that would allow minor misdemeanor arrests in some situations but not others. Finally, he concluded that arrests for minor offenses are constitutional.

{¶ 33} Indeed the opinion's holding is found in the following sentence: "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." 532 U.S. at 354, 121 S.Ct. at 1557, 149 L.Ed.2d at 577.

{¶ 34} Nowhere did he limit the above holding to cases in which a state statute specifically allows a warrantless arrest for a minor misdemeanor. Since the United States Supreme Court did not so limit its holding, this court believes that it does not have the power to put such a gloss on the *Atwater* opinion.

{¶ 35} Although *Atwater* arose under Section 1983, Title 42, U.S.Code, and *Jones* arose as a criminal case, this court believes that that is a distinction without a difference. This court believes that *Atwater* overrules *Jones* and that the defendant's arrest was not unconstitutional under the Fourth and Fourteenth Amendments to the United States Constitution.

{¶ 36} The question then becomes whether an arrest in violation of R.C. 2935.26 violates Section 14, Article I of the Ohio Constitution and, if so, whether such violation leads to suppression of evidence.

{¶ 37} In the syllabus of *State v. Jones* (2000), 88 Ohio St.3d 430, 727 N.E.2d 886, the Supreme Court held that an arrest in violation of R.C. 2935.26 violates Section 14, Article I of the Ohio Constitution and the Fourth Amendment to the United States Constitution. In the syllabus the court also held that evidence obtained incident to such an arrest is "subject to suppression in accordance with the exclusionary rule."

{¶ 38} The decision in *Atwater v. Lago Vista,* supra, does not affect the part of the *Jones* syllabus that holds that an arrest in violation of R.C. 2935.26 violates the Ohio Constitution, nor does it affect the part of the syllabus that recognizes that the remedy for such violation is excluding evidence obtained incident to such an arrest.

{¶ 39} The question then becomes whether the search of the defendant's vehicle was "incident" to her arrest. This court concludes for the reasons set forth below that the search of the defendant's car was not incident to her arrest by Trooper Cruz.

{¶ 40} A traffic stop may last no longer than is necessary to effectuate the purpose of the stop. *State v. Carlson,* supra. During the stop, the officer may run the driver's license through L.E.A.D.S. to ascertain whether the license, plates, and registration are valid and to make sure the driver does not have any outstanding warrants. *Carlson* at 598, 657 N.E.2d 591. In determining whether the length of the stop was reasonable, a trial court must consider the duration of the stop in light of all the circumstances and also consider whether the officer acted diligently in conducting his/her investigation. *Carlson* at 598, 657 N.E.2d 591. Traffic stops up to twenty minutes have been held to be reasonable by both the Ohio and United States Supreme Courts. *State v. Cook,* supra, and *United States v. Sharpe,* supra.

{¶ 41} In the present case the time lapse between the placing of the defendant in the car and the subsequent search was reasonable. The trooper did not have to immediately give the defendant a ticket and then let her go. He had the right to detain her while he ran her name through L.E.A.D.S. and ascertained whether there were any outstanding warrants for her arrest.

{¶ 42} The use of a dog to sniff around a stopped vehicle is not in and of itself a "search" or "seizure," provided that the driver of the vehicle is otherwise lawfully detained. *Carlson* at 594, 657 N.E.2d 591. Once a drug dog has "alerted" on a vehicle, then that alert becomes probable cause to search the vehicle. *Carlson* at 600, 657 N.E.2d 591.

{¶ 43} Therefore, the search of the defendant's car was made with probable cause and was not the result of her being "arrested" for the minor misdemeanors.

{¶ 44} The court further finds that the trooper gave the defendant the warnings required by *Miranda v. Arizona*, supra, and that there is no basis to suppress any statements from the defendant to the trooper.

## ORDER

{¶ 45} The defendant's motion to suppress is overruled.

{¶ 46} SO ORDERED.

Judgment accordingly.